# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNIE BELSER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 2:15-cv-00071-RDP-SGC |
| | ) |
| **WALTER MYERS, Warden, et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On December 12, 2017, the Magistrate Judge entered a Report recommending this *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Johnnie Belser be denied as time-barred and/or procedurally defaulted. (Doc. 12). The Report further recommended denial of a certificate of appealability. (*Id.*) On December 26, 2017, the court received Petitioner's objections, which are addressed below. (Doc. 13).

Petitioner does not take issue with the facts set forth in the report and recommendation. (*See* Doc. 13 at 1). Instead, as he did in previous briefing, Petitioner contends his untimely and procedurally defaulted federal claims may proceed because prison staff provided him with a form incorrectly stating the deadline to file a state post-conviction petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* was two years, rather than one. (*See id.* at 4).

Petitioner argues—as he did in previous filings—that because he was held in isolation and did not have free access to the law library, he relied exclusively on the erroneous forms provided by prison officials; this reliance caused Petitioner to file an untimely Rule 32 petition, thus robbing him of the opportunity to exhaust his habeas claims in state court. (*Id.* at 3).

To the extent Petitioner contends the out-of-date form regarding Rule 32 excuses his untimely claims, his arguments fail. As explained in the Report and Recommendation, Petitioner filed the instant petition more than a year after the limitation period applicable to his federal claims expired. (*See* Doc. 12 at 7). Moreover, even if the Rule 32 petition had been timely filed, thus triggering statutory tolling, the instant claims would still be time-barred under the federal limitation period. (*Id.* at 7-8).

Petitioner's arguments that the erroneous Rule 32 form excuses his procedural default are similarly without merit. As noted in the Report and Recommendation, the facts Petitioner alleges do not allow this court to consider his procedurally defaulted claims. (Doc. 12 at 11-12). Petitioner's objections do not overcome the deficiencies noted in the Magistrate Judge's report.[1]

---

[1] Petitioner's objections also make a passing reference to actual innocence. (Doc. 13 at 5). However, nowhere has Petitioner presented the type of evidence required to sustain an actual innocence claim.

After careful consideration of the record in this case, Petitioner's objections are **OVERRULED**. The court **ADOPTS** the report of the Magistrate Judge and **ACCEPTS** her recommendations. In accordance with the recommendations, the court finds that Petitioner's claims are due to be denied as time-barred and procedurally defaulted; a certificate of appealability is due to be denied.

A separate order will be entered.

**DONE** and **ORDERED** this January 3, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE